```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

ODELL PEGUES,

    Petitioner,

vs.                                    No. 04-2789-Ma/V

STEPHEN DOTSON,

    Respondent.
_____

ORDER GRANTING MOTION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
AND
ORDER DIRECTING PETITIONER TO AMEND PETITION
_____

Petitioner, Odell Pegues, Tennessee Department of Corrections (TDOC) inmate number 351003, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a petition under 28 U.S.C. § 2254 and an application to proceed <u>in forma pauperis</u>. The motion to proceed <u>in forma pauperis</u> is GRANTED. The Clerk of Court shall record the respondent as Stephen Dotson.

Pegues alleges that he pled guilty to charges of second degree murder, especially aggravated robbery, attempted murder and murder in the perpetration of a felony in Shelby County Criminal Court. He alleges that on August 9, 2004, he was sentenced to fifteen years imprisonment.

Pegues filed this petition on October 1, 2004, alleging he recently discovered exculpatory statements made by his co-defendants prior to the entry of his guilty plea.  Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

>   (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>      (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>      (B)   (i)  there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254.  See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982).  See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure.  Preiser v. Rodriquez, 411 U.S. 475, 477, 489-90 (1973).

Moreover, the state court must address the merits of those claims.  Coleman v. Thompson, 501 U.S. 722, 734-35 (1991).  If the

state court decides those claims on an adequate and independent state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner is barred by this procedural default from seeking federal habeas review, unless he can show cause and prejudice for that default.  See Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred.  Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright, 433 U.S. at 87-88; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner confronted with either variety of procedural default must show cause and prejudice for the default in order to obtain federal court review of his claim.  Teague, 489 U.S. at 297-99; Wainwright, 433 U.S. at 87-88.  Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule.  Coleman, 501 U.S. at 752-53; Murray v. Carrier, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  The petitioner must show that "a constitutional violation has probably resulted in the conviction

3

of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 327 (1995)(quoting Murray, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id.

Pegues does not allege that he filed a state post-conviction petition or made any other attempt to present his claims to the Tennessee Courts within one year of the entry of his judgment of conviction. Accordingly, Pegues is ORDERED to file an amended petition within thirty days of the docketing of this order which relates the history of any post-conviction petition filed, the issues raised and addressed in the petition, the date that petition was dismissed, the trial court's opinion, and the history of any appeals, including opinions, if available.

Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 1st day of February, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

04-2789.Order.wpd